# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PAMELA HIGGINS,

      Plaintiff,

    v.

TOWN OF CONCORD, KATE HODGES, and CHRISTOPHER WHELAN, in their individual capacities,

      Defendant.

Docket No. 16-cv-10641-DLC

## ORDER ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY (DKT. 45)

**CABELL, U.S.M.J.**:

Now pending is the plaintiff's motion to compel responses to discovery (Dkt. No. 45). Specifically, the plaintiff seeks an order compelling the defendants to respond to discovery requests seeking documents and information about (1) the internal investigation that led to her Last Chance Agreement (LCA), and (2) other employees subject to LCAs. The defendants oppose the motion. (Dkt. No. 46).

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1). Rule 26(b) permits liberal discovery of relevant information. *In re New England Compounding Pharmacy, Inc. Product*

*Liability Litigation*, MDL No. 13-2419-FDS, 2013 WL 6058483, at *
3 (D. Mass. November 13, 2013).  The defendants argue that the
evidence sought is not relevant to plaintiff's claims.  They argue
in addition that LCAs, while admittedly not privileged, are
protected from routine disclosure under state law.

The Court does not find these arguments compelling here.
Rather, the Court is persuaded that the information sought is
relevant in light of the plaintiff's claims, and the defendants
moreover provide no authority for the assertion that state law
shields agreements like the LCAs from disclosure.[1]  The plaintiff
claims that the defendants treated her differently because she
took FMLA leave, and subsequently forced her to sign the LCA, and
then forced her to resign.  Evidence of how the defendants treated
other employees who received LCAs could be relevant to the
plaintiff's claims of maltreatment.  Accordingly, the plaintiff's
motion to compel is ALLOWED, subject to the following limitations.

**Limitations on Disclosure**

1.    With respect to all materials disclosed by defendants
to plaintiff's counsel of record, plaintiff's counsel (and members
of counsel's office who are directly engaged in assisting in the

---

[1] Of note, it appears that the plaintiff has already received one of the three
LCAs at issue because the employee involved consented to its production, and a
second employee's attorney is in discussions with plaintiff's counsel to try to
work out an agreement on production.  The third employee refused to consent to
production.  (Dkt. 46, p.6).

litigation of this case, and other persons retained by plaintiff's counsel for the purpose of assisting in the litigation of this case) may further disclose such materials only for the purpose of the litigation of this case.

2. Plaintiff's counsel may disclose such materials to potential witnesses only for the purpose of the litigation in this matter, provided that counsel has made a good faith determination that such disclosure is necessary to the proper preparation and execution of the lawsuit. To the extent any such materials contain social security numbers, dates of birth, home addresses, names of minor children, or financial account numbers of third parties, plaintiff's counsel must redact the data from the copies of any materials shown to any witnesses.

3. No one receiving any materials pursuant to this Order is permitted to further disseminate or further disclose such materials or information for any purpose at any time.


SO ORDERED.


/s/ Donald L. Cabell
DONALD L. CABELL
United States Magistrate Judge

DATED: May 23, 2017